EXHIBIT B

**CLOSING ADDENDUM**

To the Share Purchase Agreement made between US Carbon Resolutions Corporation as the Buyer ("**Buyer**"), Cobalt Coal Ltd. as the Seller ("**Seller**") and Tailwind Capital Partners, Inc. as the Consenting Party ("**Consenting Party**") (collectively, the "**Parties**").

Made this 7th day of December, 2015 in Naples, Florida.

WHEREAS the Parties have entered into the Share Purchase Agreement ("**SPA**") which was completely signed by all the Parties on August 24, 2015;

AND WHEREAS the Parties are closing ("**Closing**") the transactions contemplated by the SPA ("**Transactions**") on the date above written, subject to the terms of this Closing Addendum;

NOW THEREFORE THE PARTIES AGREE, for the consideration of $10.00 and the terms contained in the SPA, that the transactions contemplated by the SPA are hereby closed in accordance with the terms of this Closing Addendum.

1) **Effective Date**
   The effective date of the SPA shall be September 1, 2015 (the "**Effective Date**").
2) **Closing Date**
   The closing date of the SPA is December 7, 2015 (the "**Closing Date**").
3) **Warranties of the Seller**
   The Seller hereby re-certifies that the Warranties contained in the SPA are valid and true as of the Closing Date subject to the following exceptions and clarifications:
   a) Warranty 3.1:  Due to a clerical oversight, the Company was temporarily struck and has since been re-instated and has been in continuous existence since re-instatement and validly exists on the Closing Date.
   b) Warranty 4.4, 28 and Schedule 5:  not all corporate tax returns are current however the Seller re-affirms its responsibility for any taxes payable until the Effective Date.
   c) Warranty 5.1:  Reference to Schedule 8 is deleted as Schedule 8 does not exist.
   d) Warranty 18.3:  The Buyer acknowledges that there are ongoing reclaimation liabilities associated with the Mill Creek tract.
   e) Warranty 20.1:  The Buyer acknowledges that insurance (in the approximate amount of $10,000) is due to be paid by December 9, 2015 and the Buyer will ensure such payment is made by that due date.
   f) Warranty 23.3: This Warranty, relating to working capital of the Company, is hereby deleted.
   g) Warranties 23.6 and 23.7:  the words "except for the Permitted Encumbrances" is added to each Warranty.
   h) Warranty 26.1: The Buyer acknowledges the involvement of persons connected with the Seller in Westchester Coal LP and its related entities.

i)   The Buyer acknowledges that the Seller has disclosed that certain sums are still due to Ken Stanley from Cobalt Coal Ltd.  The quantum of those sums has not been finalized.  However, the sums so owing shall continue to be the responsibility of the Seller and the Buyer shall have no obligation to pay such sums whatsoever.

**4. Warranties of the Buyer**

The Seller hereby re-certifies that the Warranties contained in the SPA are valid and true as of the Closing Date

**5. Closing Deliveries by the Seller**

Buyer acknowledges receipt of the following which constitute complete deliveries required to be made by the Seller in respect of Closing:

a)   Corporate Records Book of Clinchco Met Coal, Inc. (formerly Cobalt Coal Corp. Holdings, Inc.) ("Clinchco") which contains the corporate seal, the original of Share Certificate #2 representing the ownership by Buyer of 90 common shares representing 90% of the issued and outstanding common shares of Clinchco and a photocopy of Share Certificate #3 representing the ownership by Seller of 10 common shares representing 10% of the issued and outstanding common shares of Clinchco (it being acknowledged that the Seller has retained the original of Certificate #3).

b)   Corporate Record Book of Ken Energy Corporation.

c)   Corporate Record Book of KMH Energy Corporation.

d)   Corporate Record Book of Mill Creek Mining, Inc.

e)   Company Record Book of Cobalt Coal, LLC.

f)   Chequebook and last bank statement of KMH Energy Corporation.

g)   Financial Statements of Clinchco Met Coal, Inc. dated December 31, 2014 and 2013.

h)   Original of, and Certified Copy of, the Resolution of Cobalt Coal Ltd approving the sale of the shares of Clinchco Met Coal, Inc.

i)   Certified Copy of the Power of Attorney granted to Al Kroontje authorizing Al Kroontje to enter into the Heads of Agreement with US Carbon Resolutions Corporation and authorizing Al Kroontje to execute such other documents as are necessary to give effect to the Transactions.

j)   Certified Copy of the Ken Energy Lease.

k)   Certified Copy of the Consent to Transfer the Ken Energy Lease.

l)   Certified Copy of the Amended and Superseding Overriding Royalty Agreement.

m)  Original of the Steinman Lease.

n)   Copy of the cover page with the Effective Date hand written thereon together with a copy of the Signature Page to the originally executed SPA.

o)   Minutes of the meeting of the sole director of Clinchco held on December 7, 2015 effecting the transfers of authority and appointment of director as contemplated by Article 2 of Schedule 1 of the SPA, "Closing Deliveries".

p) Resignations of the Directors of each of Clinchco, KMH Energy Corporation, Ken Energy Corporation and Mill Creek Mining Inc. dated as of December 7, 2015.

The Buyer acknowledges that there are no additional documents to be delivered to the Seller in relation to this Closing.

**6. Closing Deliveries of the Buyer**

Seller acknowledges receipt of the following which constitute complete deliveries required to be made by the Buyer in respect of Closing:

a) Certified Copy of the Board Minutes of the Buyer authorizing the acquisition of the Shares of Clinchco, as contemplated by Article 3.1 of Schedule 1 of the SPA, "Closing Deliveries".

**7. Payment of the Initial Consideration**

Buyer acknowledges that Seller has delivered originals of the Steinman Lease and the corporate record books of Clinchco and its subsidiaries together with the chequebook of KMH Energy Corporation in relation to this Closing.

Buyer further acknowledges that it has not delivered the initial consideration of $50,000 contemplated by Schedule 3 of the SPA (the **"Initial Consideration"**) in respect of Closing on the Closing Date but rather is initiating a wire transfer to the Seller which sum has not been received by the Seller as of the Closing Date.

Buyer further acknowledges that it is obligated to pay an amount of $100,000 on or before the last day of each calendar month following this Closing for 8 consecutive months following the Closing Date (the **"8 Monthly Payments"**).

In recognizing the importance of the Seller having delivered originals of the above reference documents and the importance to the Seller in receiving the Initial Payment and the 8 Monthly Payments without restriction or set-off, the Buyer and the Buyer's representative signing this agreement, Stephen Moscicki, hereby covenant and warrant and agree with the Seller as follows:

a) If the Initial Payment is not initiated by the Seller within 1 calendar day of the Closing Date, or any of the 8 Monthly Payments due to be made have not been made within 30 days of the time they are required to be paid pursuant to Schedule 3 of the SPA, the Transactions contemplated by the SPA and this Closing shall be cancelled and any transfer effected by Closing of the SPA shall be deemed to not have occurred, or alternately, shall all transfers effected by this Closing shall be reversed and title to any and all assets transferred as a result of this Closing shall immediately transfer back to the Seller.

b) In the event that a cancellation of the Transactions as described in a) above occurs, the Buyer and Stephen Moscicki in his personal capacity promise to return all originals of all documents delivered at this Closing and further, to do such things and sign such documents

as are required to transfer all of the assets transferred by this Closing back to the Seller, immediately.

c) For purposes of this paragraph 7, if a wire transfer has been initiated for a payment described above and has not been received into the Seller's account within 30 days, or if a cheque has been issued for a payment and that cheque is dishonoured at the bank, then that payment shall be deemed not to have been paid.

d) The Buyer shall not be entitled to any setoff for any reason whatsoever, including a claim regarding a breach of Warranty, for purposes of making the Initial Payment or any of the 8 Monthly Payments and for greater certainty, any such claim shall be restricted to offsets against the payments due at the second anniversary (ie: the $2.5MM or $5MM payments) and thereon.

Signed at Naples Florida this 7th Day of December, 2015.

Cobalt Coal Ltd.

_____     witness: _____

US Carbon Resolutions Corporation

_____     witness: _____

Tailwind Capital Partners, Inc.

_____     witness: _____

Stephen Moscicki

_____     witness: _____